OPINION
{¶ 1} Plaintiff-appellant Ervin L. Smith appeals the December 12, 2001 Judgment Entry of the Ashland County Court of Common Pleas, which found against him on his claims of fraud and breach of contract against defendant/counterclaimant-appellee Dwaine Trull, aka Michael Trull. Smith also appeals the December 19, 2001 judgment entry, clarifying the trial court's December 12, 2001 Judgment Entry by additionally finding against him on Trull's counterclaim.
 STATEMENT OF THE CASE AND FACTS {¶ 2} This matter arises out of failed business dealings between the parties. In 1999, Smith agreed to sell Trull 33 acres of land at a deflated price. Apparently, the low purchase price was part of a related partnership agreement between the parties. The purpose of the partnership was to build new homes on property owned by Smith. Although not entirely clear from the record, the deflated purchase price was most likely an inducement to enter into the partnership agreement. However, after purchasing the property, Trull did not move forward with the development of the property or the construction of new houses.
 {¶ 3} On May 23, 2001, Smith filed a complaint in the Ashland County Court of Common Pleas alleging breach of contract, unjust enrichment, and fraud in the inducement. Further, Smith alleged the parties had an express agreement that Trull would at no time cut down any standing timber on the land Smith sold to Trull at a deflated price, unless such timber was to be used for the afore-mentioned construction of new homes. Smith alleged Trull cut down standing timber, sold the timber and/or used the timber for his own benefit.
 {¶ 4} Finally, Smith maintained Trull also breached a contract to install a septic system on an unrelated parcel Smith owned. Smith claimed Trull failed to obtain proper permits required by county health ordinances before installing the septic systems. As a result of this failure, Smith was charged with failure to obtain the proper permits and forced to remove the system. Smith claimed Trull was, therefore, responsible for the legal expenses incurred in defending the criminal action and the cost to remove the system.
 {¶ 5} After filing a pro se answer and counterclaim to the complaint on June 15, 2001, the trial court permitted Trull to file an amended answer and counterclaim with the assistance of an attorney. Therein, Trull claimed it was Smith who had breached the verbal agreements between the parties by failing to pursue the partnership agreement, and in failing to transfer three tracts of property still in Smith's name. Trull argued the partnership agreement provided said property was to have been transferred into the partnership name. Further, Trull contended Smith failed to record an easement for Trull's benefit, and by failing to take down a phone line running along the easement.
 {¶ 6} Trull's counterclaim also alleged Smith prevented him from using materials located inside two barns on Smith's property, and that Smith had consumed part of these materials for his own benefit. Trull maintained these actions injured him in the amount of $12,000. Finally, in Trull's fourth cause of action within the counterclaim, he maintained Smith had engaged in libel and slander of Trull's good name in the community.
 {¶ 7} At this juncture, we note none of the alleged agreements between the parties was reduced to writing. After an attempt at mediation failed, the matter proceeded to a two-day trial before the court on November 6 and 8, 2002.
 {¶ 8} In Smith's case-in-chief, he testified he owned a large tract of land in northern Ashland County. Smith learned Trull was a builder and the two entered into discussions about constructing homes for sale on Smith's property. At this time, Trull was looking for new property for his own residence and he knew Smith owned the kind of property for which he had been searching. Trull felt his current residence in Sullivan Township was a litigation hazard due to its visibility to the public. Trull testified he believed that if he were to live in a house off of the road and out of the public view, he would not be a target of baseless civil litigation.
 {¶ 9} At trial, Smith testified he entered into a partnership agreement with Trull. The purpose of the partnership was to build houses for sale. Smith and Trull would both expend funds for the construction, Smith would provide the land upon which the houses would be built, and Trull would provide the labor to build houses on Smith's remaining land. These houses would then be sold and the proceeds would be divided between the parties.
 {¶ 10} Apparently in furtherance of the partnership agreement, Smith testified the parties entered in an oral contract whereby Smith would sell 30 acres of his land to Trull for the deflated value of approximately $600 per acre. At trial, Russell Matts, a certified land appraiser, testified this land was worth at least $2,000 per acre. The appraisal did not include any improvement or the timber or mineral royalties. Smith testified that after he had transferred the 30 acres to Trull, Trull called him on the telephone and informed him that the house building deal was off.
 {¶ 11} Just before the purchase of the property was completed, Trull began constructing a septic system on property owned by Smith. This property was unrelated to the transfer or the partnership agreement. Trull testified he did not actually construct the septic system. Rather, he simply watched his 16 year old and 14 year old sons construct the system. Trull testified he did not supervise the construction, but admitted he accepted payment for the installation of the septic system.
 {¶ 12} No permit was obtained for the construction of the septic system. When the Ashland County Board of Health discovered the septic system had been built without permits, it ordered the excavation of the septic system. As a result of the failure to obtain a permit, Smith was criminally charged in the Ashland Municipal Court for installing a septic system without obtaining the proper permits. Thereafter, Smith paid an excavator $500 to remove the system, and employed legal counsel to defend the criminal case.
 {¶ 13} At the close of Trull's case-in-chief, he dismissed his counterclaim for libel and slander.
 {¶ 14} In a December 12, 2001 Judgment Entry, the trial court found Smith had failed to meet his burden of proof on all elements of his causes of action for breach of contract and fraud. The trial court noted the parties had chosen not to reduce any of their dealings to writing and therefore, the trial court had to rely upon the testimony of the parties and witnesses at trial. The trial court specifically stated it found much of the testimony of the both parties to be not credible. Accordingly, the trial court ruled in favor of Trull on each of the causes of action of the complaint. On December 17, 2001, Smith filed a Request for Findings of Fact and Conclusions of Law.
 {¶ 15} In a December 19, 2001 Supplemental Decision and Judgment Entry, the trial court clarified its December 12, 2001 Judgment Entry finding Trull had failed to meet his burden of proof on each element of each of the causes of action contained in the counterclaim. Therefore, the trial court found against Trull and in favor of Smith on the counterclaim. Smith prosecutes his appeal from the December 12, 2001, and December 19, 2001 Judgment Entries, assigning the following errors for our review:
 {¶ 16} "I. THE TRIAL COURT ERRED WHEN IT DISMISSED THE PLAINTIFF'S CASE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 17} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO ISSUE A FINDING OF FACT AND CONCLUSION OF LAW UPON REQUEST OF PLAINTIFF WITHIN THE STATUTORY GUIDELINES AS WELL AS FAILING TO RESPOND TO SAID MOTION."
 I. {¶ 18} In Smith's first assignment of error, he maintains the trial court's decision was against the manifest weight of the evidence. We disagree.
 {¶ 19} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 20} We have reviewed the record and find the trial court was presented with conflicting evidence as to the existence of the partnership agreement, the terms of the partnership agreement, and the termination of said agreement. The court was also presented with conflicting evidence with regard to the responsibilities of each party in the installation of the septic system and the procurement of the necessary permits. Further, the parties' presented contradictory testimony with regard to the disposition of the standing timber on the land transferred to Trull. We also note the deed, which was made part of the record, did not contain a restriction on the standing timber.
 {¶ 21} The trial court specifically found the testimony of both parties was not credible. The trial court was free to accept or reject the testimony presented, and base its conclusions on such evidence after witnessing the testimony. While we agree with Smith there was evidence the parties entered into a partnership agreement, the only evidence of the terms of the agreement come from the testimony of the parties. The parties presented no written documentation to support their claims. Therefore, we cannot find the trial court's decision was against the manifest weight of the evidence.
 {¶ 22} Smith's first assignment of error is overruled.
 II. {¶ 23} In his second assignment of error, Smith maintains the trial court erred in failing to issue findings of fact and conclusions of law upon his timely request. Further, appellant maintains the trial court erred in failing to respond to his motion for findings of fact and conclusions of law. We disagree.
 {¶ 24} Smith argues Civ.R. 52 requires a trial court to make written findings of fact and conclusions of law within seven days after its decision where such findings and conclusions are requested.
 {¶ 25} At the close of all evidence, the following exchange took place on the record:
 {¶ 26} "THE COURT: Friday, December 7th at 4 o'clock both parties will have had filed their full and complete final arguments. Is either party going to be requesting findings of fact or conclusions of law in this matter or will — the court would ask you now to make publicly on the record state whether you will be asking for that, and if so — or if not, a waiver of that requirement.
 {¶ 27} "If you do request that, the court will ask that you do prepare them. Either party going to be requesting findings of fact and conclusions of law?
 {¶ 28} "MR. KEARNS: Judge, I doubt it. But if I could have maybe a little time to think about it. Not a long time.
 {¶ 29} "THE COURT: You may not. You need to decide right now if you're going to do it, because counsel from each side will be required, if that is your request, each of you will be required to submit those.
 {¶ 30} "MR. KEARNS: We will not be requesting them.
 {¶ 31} "THE COURT: Mr. Hunter.
 {¶ 32} "MR. HUNTER: No, we will not be asking for them." Tr. at 423-424.
 {¶ 33} The trial court permitted appellant to request findings of fact and conclusions of law pursuant to Civ.R. 52. However, Smith clearly indicated he did not want such findings or conclusions. In light of the above-quoted discussion, we find Smith waived his right to findings of fact and conclusions of law.
 {¶ 34} Appellant's second assignment of error is overruled.
 {¶ 35} The December 12, and 19, 2001 Judgment Entries of the Ashland County Court of Common Pleas are affirmed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur.
topic: JE not MWE where conflicting test presented 2. Rt finding of fact and conclusions waived.